UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SOVEREIGN BANK,

                Appellant,

     -against-                                 1:11-CV-1228 (LEK)

DONALD STROTHER and JANEENE
STROTHER,

                Appellees.

_____

# DECISION and ORDER

## I.    INTRODUCTION

Appellant Sovereign Bank ("Appellant") appeals from a decision of the U.S. Bankruptcy Court reclassifying Appellant's claim in the bankruptcy action below from secured to unsecured. See Dkt. Nos. 2-8; 6. For the following reasons, the Court affirms the decision of the Bankruptcy Court.

## II.    BACKGROUND

The material facts are not in dispute. See Dkt. Nos. 6 at 3; 7 at 4. On June 28, 2007, Appellees Donald and Janeene Strother ("Debtors-Appellees") mortgaged their residence to Appellant to secure a loan issued by Appellant to Janeene Strother. Dkt. No. 6 at 3. That mortgage was not recorded, and it remained unrecorded on November 5, 2010, when Debtors-Appellees filed a Chapter 13 bankruptcy petition to commence the action below. Id. On March 18, 2011, Appellant filed a claim acknowledging that the mortgage was unrecorded but nevertheless asserting secured-creditor status. Id. On August 31, 2011, the Honorable Robert E. Littlefield, Jr., Chief U.S. Bankruptcy Judge, granted Debtors-Appellees' motion to reclassify Appellant's claim as unsecured.

Dkt. No. 2-8. Appellant then filed this appeal. The Court has jurisdiction under 28 U.S.C. § 158(a).

## III. STANDARD OF REVIEW

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. County of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc.), 691 F.3d 476, 483 (2d Cir. 2012)). The questions here are solely of law and therefore will be addressed *de novo*. Following review, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

## IV. DISCUSSION

### A. Validity of the Mortgage

Section 502(b)(1) of the U.S. Bankruptcy Code provides that a court shall allow a claim except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).[1] Although an unrecorded mortgage is "void as against a bona fide purchaser who first records its interest," and the trustee in the bankruptcy below therefore might, as Appellant concedes, be able to avoid Appellant's mortgage, "an unrecorded mortgage is valid as between the mortgagor and mortgagee." In re Brosnahan, 312 B.R. 220, 223 (Bankr. W.D.N.Y. 2004) (citing N.Y. REAL PROP. LAW § 291(a)); see Dkt. No. 8 at 5 (citing 11 U.S.C. § 544); see also People v. Prince, 441 N.Y.S.2d 586, 589 (Sup. Ct. 1981). Therefore, the mortgage

---

[1] The Bankruptcy Court's order does not cite any provision of law. See Dkt. No. 2-8. Debtors-Appellees represent, however, that their motion to reclassify Appellant's claim was based solely on 11 U.S.C. § 502. See Dkt. No. 7 at 5, 7.

2

here is valid and enforceable as between Debtors-Appellees and Appellant, and § 502(b)(1)'s exception does not apply to bar Appellant's claim.

### B. Proof of Claim

Federal Rule of Bankruptcy Procedure 3001(d) requires that any proof of claim in a security interest be accompanied by evidence that the security interest has been perfected.

> "'[P]erfection' refers to the process by which a secured party puts third-parties on notice of its interest, whereas 'enforcement' refers to the steps the secured party must take to realize its rights in the collateral." That definitional distinction does not turn on state law. Rather, what turns on state law is the manner in which parties must perfect and then enforce their rights.

In re Carmania Corp., N.V., 154 B.R. 160, 163 (S.D.N.Y. 1993) (quoting In re Vienna Park Props., 136 B.R. 43, 55 (S.D.N.Y.), aff'd, 976 F.2d 106 (2d Cir. 1992)) (citation omitted); see id. ("Bankruptcy jurisprudence is filled with confusing and inconsistent treatments of the distinction between 'perfection' and 'enforcement.'"). In New York, a mortgage is not perfected, *i.e.*, third parties are not on notice of the mortgagee's security interest, until it is recorded. See id. Thus, although the mortgage here is *enforceable*, it is not *perfected*, and Appellant's proof of claim is therefore necessarily deficient under Rule 3001(d).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the order of the Bankruptcy Court appealed from is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:  June 26, 2013
        Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge